**PROSKAUER ROSE LLP**
Brian S. Rosen
Joshua A. Esses
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 20-11850 (MG) |
| Hermitage Offshore Services Ltd., *et al.*,[1] | ) ) ) |
| Debtors. | ) (Joint Administration Requested) ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS
AND (B) FILE A CONSOLIDATED LIST OF DEBTORS' 30 LARGEST
UNSECURED CLAIMS, (II) AUTHORIZING DEBTORS TO REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS
AND INTEREST HOLDERS, AND (III) APPROVING FORM AND MANNER OF
NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors are: Hermitage Offshore Services Ltd.; CB Holdco Limited; Blue Power Limited; Delta Cistern V Limited; Sierra Cistern V Limited; Petro Craft 2017-1 Shipping Company Limited; Petro Craft 2017-2 Shipping Company Limited; Petro Craft 2017-3 Shipping Company Limited; Petro Craft 2017-4 Shipping Company Limited; Petro Craft 2017-5 Shipping Company Limited; Petro Craft 2017-7 Shipping Company Limited; Petro Craft 2017-8 Shipping Company Limited; Petro Combi 6030-01 Shipping Company Limited; Petro Combi 6030-02 Shipping Company Limited; Petro Combi 6030-03 Shipping Company Limited; Petro Combi 6030-04 Shipping Company Limited; Hermit Storm Shipping Company Limited; Hermit Viking Shipping Company Limited; Hermit Protector Shipping Company Limited; Hermit Guardian Shipping Company Limited; Hermit Thunder Shipping Company Limited; Delta PSV Norway AS; NAO Norway AS; Hermit Galaxy Shipping Company Limited; Hermit Horizon Shipping Company Limited; Hermit Power Shipping Company Limited; Hermit Prosper Shipping Company Limited; Hermit Fighter Shipping Company Limited; and PSV Adminco 2019 LLC (Last Four Digits of Federal Tax ID: 0794).

Hermitage Offshore Services Ltd. ("Hermitage"), and its affiliated debtor subsidiaries (together with Hermitage, the "Debtors" and, together with Hermitage's affiliated non-Debtor subsidiaries, the "Company") hereby submit this motion (the "Motion"), seeking entry of an order, substantially in the formed attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1007(a)(1) and (d) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix"); (ii) file a consolidated list of the Debtors thirty (30) largest unsecured claims; (iii) redact certain personal identification information for individual creditors and interest holders; and (iv) approving the form and manner of notifying creditors of commencement of these chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On August 11, 2020 (the "Petition Date"), each of the above-captioned Debtors commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors have requested joint administration of these chapter 11 cases by motion filed concurrently herewith. No trustee or examiner has been appointed in these chapter 11 cases. As of the Petition Date, no creditors' committee has been appointed.

3. The Debtors are an integrated offshore support vessel ("OSV") company. The Debtors' OSVs are all focused on, and used primarily in, the oil and gas business, including in the installation, maintenance, and movement of oil and gas platforms. Demand for the Debtors'

services, as well as its operations, growth, and stability in the value of the OSVs depend on activity in offshore oil and natural gas exploration, development, and production.

4.      The Debtors' fleet consists of twenty-one (21) OSVs, consisting of ten (10) platform supply vessels ("PSVs") and eleven (11) crew boats ("Crew Boats"). The OSVs are owned by various Debtor entities (collectively, the "OSV Owners"). All ten of the Debtors' PSVs operate in the North Sea, and the Crew Boats operate in West Africa.

5.      Additional facts and circumstances supporting this Motion are set forth in the *Declaration of Christopher Avella Pursuant to Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith and incorporated by reference herein (the "First Day Declaration").

## Jurisdiction and Venue

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are sections 105, 342, and 521 of the Bankruptcy Code and Bankruptcy Rules 1007 and 2002.

## Relief Requested

8.      By this Motion, the Debtors seek entry of an order (i) file a consolidated Creditor Matrix in lieu of submitting separate mailing matrices for each Debtor; (ii) file a consolidated list of the Debtors thirty (30) largest unsecured claims; (iii) redact certain personal identification information for individual creditors and interest holders; and (iv) approving the form and manner of notifying creditors of commencement of these chapter 11 cases.

**Basis for Relief**

9. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the twenty (20) largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must provide the debtor, the United States Trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

10. There are twenty-nine (29) entities that are Debtors in these chapter 11 cases. As of the Commencement Date, the Debtors estimate that they have over $150 million in liabilities and hundreds of potential creditors and parties in interest (on a consolidated basis) in these chapter 11 cases. As such, requiring the Debtors to prepare individual matrices for each Debtor would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

11. The Debtors submit that permitting them to maintain one single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor entity is warranted under the circumstances of these chapter 11 cases. Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings. Many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice. As such, the Debtors submit that the proposed maintenance of an electronic list

of creditors by Prime Clerk LLC ("Prime Clerk") as the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs, and is consistent with applicable Local Rules.

12.    Concurrently with the filing of this Motion, and in accordance with Local Rule 5075-2, the Debtors are seeking to retain Prime Clerk as Claims and Noticing Agent in these chapter 11 cases. If this application is granted, Prime Clerk will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. The Debtors, working with Prime Clerk, have already prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties in interest are prejudiced, the Debtors will make the consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

13.    Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g.*, *In re Tops Holding II Corporation*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018); *In re Sabine Oil & Gas Corp.,* Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); *In re United Retail Grp., Inc.*, Case

No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan 9, 2012).

14.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Bankruptcy Court, "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors and interest holders because such information is sensitive and could be used to perpetrate identity theft. It is also unnecessary to disclose. The Debtors propose to provide, under seal, an un-redacted version of the creditor list to the Bankruptcy Court, the United States Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases, if requested.

15.     The Debtors propose that Prime Clerk provide notice of the commencement of these chapter 11 cases substantially in the form annexed hereto as **Exhibit 1** to the Proposed Order (the "Notice of Commencement").

## Notice

16.     The Debtors have provided notice of this motion to the following parties or their respective counsel (the "Notice Parties"): (a) William K. Harrington, United States Trustee, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Rm 1006, New York, NY 10014; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for DNB Bank ASA; (d) counsel for Skandinaviska Enskilda Banken AB (Publ); (e) the United States Attorney's Office for the Southern District of New York; (f) counsel to Scorpio Services Holding Limited; and (g) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

17.    No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 12, 2020
New York, New York

      /s/ *Brian S. Rosen*
Brian S. Rosen

**PROSKAUER ROSE LLP**
Brian S. Rosen
Joshua A. Esses
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Counsel to the Debtors
and Debtors in Possession*